**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**NATASHA HARRIS-JOHNSON**                                                  **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 5:25-CV-139-JHM**

**THE UNITED STATES**                                                      **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Natasha Harris-Johnson filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this case will be dismissed.

### I. SUMMARY OF ALLEGATIONS

Plaintiff's complaint (DN 1), which is captioned for the United States Court of Federal Claims, sues "The United States." She lists as reasons that the Court of Federal Claims has jurisdiction the Tucker Act, the Fifth Amendment, "intellectual property, including trademarks," and the Lanham Act. She states that she is the "lawful owner of the incorporated and federally trademarked name 'NATASHA HARRIS-JOHNSON,' which constitutes private property and intellectual property under U.S. law." She attaches seven exhibits, including an "Office of the Minnesota Secretary of State Certificate of Assumed Names," on which, next to "Assumed Name: NATASHA HARRIS-JOHNSON," she has handwritten "fiction" (DN 1-2); an "Invoice" to "US PROSECUTOR CORINNE KEEL" for a total of $450,000,000 for "theft of intellectual property"[1] (DN 1-4); a purported document from the "Department of State" under the "Seal of the State(s) of

---

[1] Ms. Keel is the Assistant U.S. Attorney prosecuting the criminal case against Plaintiff.

Arkansas," along with her "void" birth certificate and "Affidavit" (DN 1-5); a purported Articles-of-Incorporation form from Kentucky's Secretary of State which declares that the purpose of the "nonprofit corporation of NATASHA HARRIS-JOHNSON Inc." is "Legacy Asset Protection" (DN 1-6); and a document in which "Minister Joshua Kaltved and Xavier Buchanon-Kaltved, acting as agents for 'Natasha' Natasha Harris-Johnson, hereby submit this public disclaimer and declaration to affirm and protect 'Natasha's' right to personal property, nationality, and associated protections . . ." (DN 1-7).

Plaintiff requests an injunction in a criminal case against her in this Court, *United States v. Harris-Johnson*, No. 5:23-cr-38-BJB; "explicit acknowledging [of] names[,] likeness, and intellectual property as religious and legal assets;" compensation; and costs.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, when considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint).

### III. ANALYSIS

Given that the complaint is captioned for the Court of Federal Claims, not this Court, the Court would ordinarily consider whether this case should be transferred to the Court of Federal Claims. Here, however, because the complaint, alleging that her name has been "lawfully incorporated and federally trademarked," and its attachments are "replete with 'the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement,'" the Court will dismiss this lawsuit. *Banks v. Fla.*, No. 219CV756FTM38NPM, 2019 WL 7546620, at *1–2 (M.D. Fla. Dec. 17, 2019) (citing *Sealey v. Branch Banking & Tr. Co.*, No. 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019)), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020). "Arguments based on sovereign citizen theories have been uniformly rejected by the federal courts for decades[.]" *Von El v. Ecorse Police Dep't*, No. CV 22-12089, 2022 WL 7610255, at *1–2 (E.D. Mich. Oct. 13, 2022) (internal quotation marks and citation omitted).

Although Plaintiff does not refer to herself as a sovereign citizen, her complaint and exhibits give her away. The idea that the prosecuting attorney in her criminal case is liable to her for using her name in the criminal case against her is utterly frivolous and has been rejected by courts as such. For example, the District Court for the Southern District of New York found legally frivolous a plaintiff's claims that his name was "Intellectual Property" and a "Trademark," and "that, by using Plaintiff's name in court documents in connection with his criminal case, the Bronx District Attorney ha[d] 'infringed' on Plaintiff's trademark." *Barton v. Clark*, No. 23 CIV. 5827 (LGS), 2023 WL 6929178, at *2 (S.D.N.Y. Oct. 19, 2023).

The dubious documents Plaintiff attaches to the complaint also display signs of her adherence to sovereign-citizen ideology. For example, she attaches a purported "Certificate of

Assumed Names."   As the District Court for the Northern District of Texas has pointed out, "Assumed Names forms" are an indicator of adherence to sovereign citizenship ideology. *Goodloe v. United States*, No. 3:22-CV-2065-B-BK, 2022 WL 7163210, at *1 (N.D. Tex. Sept. 26, 2022), *report and recommendation adopted*, 2022 WL 7035212 (N.D. Tex. Oct. 12, 2022).   And on Plaintiff's "Affidavit" attached to the complaint, she provides her thumbprint after her signature. *See Colella v. Rogers*, No. 5:25-CV-293-SPC-PRL, 2025 WL 1370200, at *2 (M.D. Fla. May 12, 2025) (recognizing that the placement of thumb prints on documents is a hallmark of sovereign citizen theory).   Further, the Court notes that in her criminal case, the Honorable Judge Benjamin Beaton, presiding, recognized that, when "Harris-Johnson entered her own appearance and moved to dismiss the indictment" she did so "on grounds resembling those advanced by so-called 'sovereign citizens,'" *United States v. Harris-Johnson*, No. 5:23-CR-38-BJB, 2025 WL 3187526, at *1 (W.D. Ky. Nov. 14, 2025), and admonished her "that argument and evidence rooted in sovereign-citizen, jury-nullification, or tax-defier theories will not be tolerated at trial." *Id*. at *3.[2]

"Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship" recognizing that such arguments are "a waste of court resources." *Powell v. Mich.*, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023) (internal quotation marks omitted).   By separate Order, the Court will do so here as well.

Date:   January 22, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4414.009

---

[2] Since she filed the instant action, the jury in Plaintiff's criminal case entered guilty verdicts on eight counts of submitting a false, fictitious, or fraudulent claim to the Internal Revenue Service and one count of devising a scheme to deprive another of money or property using interstate wire communications. *United States v. Harris- Johnson*, No. 5:23-cr-38-BJB, DN 137.